IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| MEAGHAN M.,[1]<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. 1:22-cv-00916-HL<br><br>**OPINION AND ORDER** |

HALLMAN, United States Magistrate Judge:

　　　　Plaintiff Meaghan M. brings this action under the Social Security Act (the "Act"), 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner"). The Commissioner denied plaintiff's application for Disability Insurance Benefits ("DIB") and Social Security Income ("SSI") under Titles II and XVI of the Act. 42 U.S.C. § 401 *et seq.* For the following reasons, the decision of the Commissioner is reversed and remanded for further proceedings.

---

[1] In the interest of privacy, this Opinion uses only the first name and the initial of the last name for non-governmental parties and their immediate family members.

## STANDARD OF REVIEW

42 U.S.C. § 405(g) provides for judicial review of the Social Security Administration's disability determinations: "The court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted)

# BACKGROUND

## I. Plaintiff's Application

Plaintiff alleges disability based on bipolar disorder, depression, ruptured right patella tendon, and fractured right patella. Tr. 287.[2] At the time of her alleged onset date, she was 32 years old. Tr. 64. She has a college degree and past relevant work experience as a bank teller, loan clerk, and loan officer. Tr. 28, 288.

Plaintiff protectively applied for both DIB and SSI on August 12, 2019, alleging an onset date of July 1, 2013. Tr. 218, 225. Both applications were denied initially on January 9, 2020, and on reconsideration on May 19, 2020. Tr. 78, 93, 109, 125. Plaintiff subsequently requested a hearing, which was held on June 28, 2021, before Administrative Law Judge ("ALJ") John Sullivan. Tr. 37. Plaintiff appeared and testified at the hearing, represented by counsel; vocational expert ("VE") Vern Arne also testified. Tr. 37. On August 4, 2021, the ALJ issued a decision denying plaintiff's claims. Tr. 30. Plaintiff requested Appeals Council review, which was denied on April 25, 2021. Tr. 1-3. Plaintiff then sought review before this Court.[3]

## II. Sequential Disability Process

The initial burden of proof rests on the claimant to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically

---

[2] Citations to "Tr." are to the Administrative Record. (ECF 8).
[3] The parties have consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636. (ECF 7).

determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920. At step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141.

At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141. At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)-(c), 416.920(e), 416.945(b)-(c).

At step four, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant

can work, she is not disabled; if she cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146.

Finally, at step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

### III.    The ALJ's Decision

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity from her amended alleged onset date, July 1, 2013, through her date last insured, which was December 31, 2019 ("DLI"). Tr. 17.

At step two, the ALJ determined that plaintiff has the following severe impairments: obesity, lumbar degenerative disc disease, bilateral knee degenerative joint disease, bipolar I disorder, borderline personality disorder, depression, and anxiety. Tr. 18.

At step three, the ALJ determined that plaintiff's impairments did not meet or medically equal the severity of a listed impairment. Tr. 18. The ALJ then resolved that, through the DLI, plaintiff had the residual functional capacity ("RFC") to perform less than the full range of light work, with the following limitations:

> [The claimant can] lift and carry occasionally up to 20 pounds and frequently 10 pounds or less. The claimant can sit for six hours in an eight-hour workday and stand and/or walk in combination for no more than two hours in an eight-hour workday; push and/or pull as much as lift and carry. [She] can occasionally climb ramps and stairs but must avoid climbing of ladders, ropes, or scaffolds. [She] can only occasionally kneel, crouch, or crawl. [She] is limited to simple, routine tasks with a reasoning level of two or less. [She] is limited to simple work-related decisions. [She] can interact occasionally with supervisors, coworkers and the general public and deal with changes in the workplace and simple work relate[d] decisions. [She] would also be off task less than five percent of the

>workday due to moderate impairments in concentration, persistence and pace, moderate limitations in understanding, remembering and applying information as well as difficulty with adapting oneself.

Tr. 21.

At step four, the ALJ found that, through the DLI, the claimant is unable to perform past relevant work as a bank teller, loan clerk, and loan officer. Tr. 28.

At step five—considering plaintiff's age, education, work experience, and RFC—the ALJ found that a significant number of jobs existed in the national economy that plaintiff could perform, including work as an office helper, a collator, and mail handler. Tr. 28-29. Thus, the ALJ concluded that plaintiff is not disabled. Tr. 30.

## DISCUSSION

Plaintiff argues that the ALJ committed the following errors: (1) failing to provide specific, clear and convincing reasons to reject plaintiff's subjective symptom testimony; (2) improperly finding unpersuasive the medical opinion of examining physician Rita Sullivan, Ph.D.; (3) improperly finding persuasive the opinions of Jose Ruiz, M.D., and Jonathan Norcross, M.D. while omitting portions of their evaluations; (4) improperly evaluating the medical opinions of Drs. Irmgard Friedburg, Ph.D., and Christal Janssen, Psy.D.; and (5) improperly rejecting the lay witness testimony of plaintiff's mother. Plaintiff asserts that this case should be remanded for immediate payment of benefits under the credit-as-true standard. Pl's. Br. 35.

In response, the Commissioner agrees the case should be remanded, but only for further proceedings.

I. **The Commissioner's concessions of error.**

The Commissioner concedes the ALJ erred and that remand is appropriate, but disagrees with Plaintiff that the case should be remanded for immediate payment of benefits. Thus, the only question is whether the case should be remanded for further proceedings or for an award of benefits.

The credit-as-true analysis cannot be completed before first determining, with specificity, the areas where the ALJ's decision was not supported by substantial evidence. *See Triechler v. Comm'r*, 775 F.3d 1090, 1101-02 (9th Cir. 2014) (explaining that in remanding for an award of benefits, a reviewing court must conclude that "the ALJ failed to provide legally sufficient reasons for rejecting evidence.").

The Commissioner concedes that the ALJ erred in his decision because it was unsupported by substantial evidence. However, the Commissioner does not directly challenge any of Plaintiff's assignments of error, and instead argues that, under the credit-as-true standard, conflicts exist between the findings of the State Agency's medical advisors and the Plaintiff's medical records. Def. Mo. Remand 7, ECF 17. Briefly mentioned, but not specifically addressed, was Plaintiff's argument regarding the rejection of her subjective symptom testimony. Def's. Mot. to Remand 9, ECF 17. Several of Plaintiff's assignments of error were not mentioned in the Commissioner's brief.

It is not legally sufficient for the Commissioner to simply aver that he "denies any arguments not specifically addressed." Def's. Mo. Remand 4, ECF 17; *see also Justice v. Rockwell Collins, Inc.*, 117 F.Supp.3d 1119, 1134 (D. Or. 2015), aff'd, 720 Fed.Appx. 365 (9th

Cir. 2017) ("if a party fails to counter an argument that the opposing party makes . . . the court may treat that argument as conceded") (citation and internal quotations and brackets omitted).

This Court is not required to independently review and assess Plaintiff's arguments where the Commissioner has not done so on review. *See Johnny T. v. Berryhill*, No. 6:18-CV-00829-AA, 2019 WL 2866841, at *2-3 (D. Or. July 2, 2019) ("[T]he Commissioner's failure to substantively respond to [the p]laintiff's arguments regarding his symptom testimony, medical opinion evidence, and lay witness testimony constitutes a concession of those issues...."); *Krista B. v. Comm'r, Soc. Sec. Admin.*, No. 3:20-CV-01822-HL, 2021 WL 5235969, at *3-4 (D. Or. Nov. 10, 2021).

As such, since Commissioner has failed to respond to any of Plaintiff's arguments, this Court concludes that the ALJ erred by: (1) failing to provide specific, clear and convincing reasons to reject plaintiff's subjective symptom testimony; (2) improperly finding unpersuasive the medical opinion of examining physician Rita Sullivan, Ph.D.; (3) improperly finding persuasive the opinions of Jose Ruiz, M.D., and Jonathan Norcross, M.D. while omitting portions of their evaluations; (4) improperly evaluating the medical opinions of Drs. Irmgard Friedburg, Ph.D., and Christal Janssen, Psy.D.; and (5) improperly rejecting the lay witness testimony of plaintiff's mother.

## II.     Remedy

Plaintiff asserts that this case should be remanded for immediate payment of benefits under the credit-as-true standard. The Commissioner agrees the case should be remanded, but only for further proceedings. Specifically, the Commissioner asserts that there are conflicts and ambiguities in the record that must be resolved before finding that Plaintiff is disabled. Mot. to Remand 9. For the following reasons, this Court agrees with the Commissioner.

A.      **Standard of Review**

Within the Court's discretion under 42 U.S.C. § 405(g) is the "decision whether to remand for further proceedings or for an award of benefits." *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001) (citation omitted). Although a court should generally remand to the agency for additional investigation or explanation, a court has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further proceedings. A court may not award benefits punitively and must conduct a "credit-as-true" analysis on evidence that has been improperly rejected by the ALJ to determine if a claimant is disabled under the Social Security Act. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011).

Generally, where "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand," the district court should remand for payment of benefits. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014).

In conducting this analysis, the district court first determines whether the ALJ made a legal error and then reviews the record as a whole to determine whether the record is fully developed, the record is free from conflicts and ambiguities, and there is any useful purpose in further proceedings. *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015); *see also Treichler*, 775 F.3d at 1099-1100 (remanding for further proceedings rather than for an immediate payment of benefits serves a useful purpose where "the record has [not] been fully developed [and] there

is a need to resolve conflicts and ambiguities."). Only if the record has been fully developed and there are no outstanding issues left to be resolved does the district court consider whether the ALJ would be required to find the claimant disabled on remand if the improperly discredited evidence were credited as true. *Dominguez*, 808 F.3d at 407. If so, the district court can exercise its discretion to remand for an award of benefits. *Id.*

Even where all the requisites are met, however, a court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Garrison*, 759 F.3d at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (internal quotations and citation omitted).

### B.   Analysis

In arguing that remand is the appropriate remedy, the Commissioner focuses on conflicts and ambiguities in the record, particularly with respect to the medical providers. Mot. to Remand 6-7. In response, Plaintiff asserts that her "argument for application of the credit-as-true rule and award of Plaintiff's benefits relies on crediting as true solely Plaintiff's reports and no other evidence." Pl's. Reply, ECF 18 at 6. As such, she does not ask this Court to credit as true the opinions of her providers, nor does she address the inconsistencies between the various physicians in her arguments. *Id*. at 6-7. She instead focuses solely on why her testimony, if credited, would compel a finding that she is disabled. *Id*. at 7.

Plaintiff's argument "reverses the required order of analysis." *Dominguez*, 808 F.3d at 409. Instead, this Court must "assess whether there are outstanding issues requiring resolution

before considering whether to hold that the claimant's testimony is credible as a matter of law." *Treichler*, 775 F.3d at 1105. "If such outstanding issues do exist, the district court cannot deem the erroneously disregarded testimony to be true; rather, the court must remand for further proceedings." *Dominguez*, 808 F.3d at 409.

Here, the inconsistent reports of various physicians preclude this Court from crediting any testimony as true. *See Dominguez*, 808 F.3d at 409 (inconsistent reports from other physicians is an outstanding issue regarding resolution that must be resolved before crediting any testimony as true). Dr. Ruiz and Dr. Norcross opined that Plaintiff could perform a range of light work except stand and/or walk four hours in an eight-hour workday while also limiting her to sedentary work. Tr. 74, 77, 89, 92, 103, 107, 123. Dr. Friedburg and Dr. Janssen opined that Plaintiff is limited to short and simple tasks. Tr. 76, 91, 106, 122. This testimony is inconsistent with Plaintiff's own testimony, her mother's testimony, and that of Dr. Sullivan. This substantial disagreement among experts as to the extent of Plaintiff's disabilities is an inconsistency that precludes this Court from crediting Plaintiff's testimony as true.

In addition, unresolved issues in the medical records preclude this Court from crediting Plaintiff's testimony as true. Plaintiff testified to rapidly cycling through manic episodes due to stress and anxiety, and that this condition caused her to lose two jobs in 2015 due to being off task, falling asleep at work, calling in sick, and missing days. Tr. 46-50, 77. The VE testified that an individual off task more than 20-24 minutes at a time or missing 16 hours of work in a month either cumulatively or consecutively would not be employable. Tr. 58. Based on the existing record, it is unclear whether plaintiff is such an individual. In other words, the record is underdeveloped as to how much plaintiff would be off task and how many hours a week she would likely miss due to her mental conditions, and there is a lack of medical opinion evidence

that speaks to this issue. While Dr. Rita Sullivan does offer her medical opinion, stating Plaintiff's "characterological issues at the very least would influence and further complicate her bipolar disorder," and that Plaintiff's "work performance will predictably be impacted by her mood lability which has been clearly demonstrated by history," Plaintiff's records are unclear as to whether Plaintiff was receiving medication and counseling at the time Dr. Sullivan was referencing, which would help provide insight into whether ongoing treatment would have an effect on Plaintiff's current ability to work. Tr. 1444-45. Finally, it is unclear whether and to what extent Plaintiff's more recent treatment for her mental health symptoms has improved her conditions and to what extent that may affect her functional limitations. *See, e.g.* Tr. 1686 (noting that while attending therapy Plaintiff was working in sales as of March 25, 2021.) Further proceedings are necessary to develop the record on plaintiff's mental health-related limitations.

      Finally, plaintiff asserts that remanding this case for further proceedings to reconsider the opinions that were improperly rejected would provide the ALJ a "mulligan" and should not be allowed under Garrison, 759 F.3d at 1021. This Court disagrees. As in this case, *Garrison* involved an ALJ's acceptance of testimony from various state agency physicians while rejecting the claimant's testimony and that of his treating physician. *Id*. at 1008-09. In this case, however, the Commissioner is not seeking a remand simply for the purpose of revisiting the medical opinions rejected for legally insufficient reasons. Rather, the records and the medical opinions demonstrate that there is a legitimate disagreement as to the extent of Plaintiff's disabilities, which must be resolved on remand. At the very least, this Court cannot say that "the record clearly contradicted an ALJ's conclusory findings and no substantial evidence within the record

supported the reasons provided by the ALJ for denial of benefits." *Leon v. Berryhill*, 880 F.3d 1041, 1047 (9th Cir. 2017).

This Court concludes that the credit as true standard is not met and remand for further proceedings is the appropriate remedy. On remand, the ALJ must (1) reassess plaintiff's subjective symptom testimony *de novo* and accept the limitations described or provide specific, clear and convincing reasons for their rejection; (2) accept Dr. Rita Sullivan's medical opinion or provide legally sufficient reasons for rejecting it; (3) reassess the medical evidence and other evidence of record and resolve any conflicts or ambiguities therein; and (4) conduct any further necessary proceedings to complete the record and issue a new decision.

## CONCLUSION

Based on the foregoing, pursuant to 42 U.S.C. § 405(g), sentence four, the Commissioner's decision is REVERSED and this case is REMANDED for further proceedings.

IT IS SO ORDERED.

DATED this 5th day of June 2023.

/s/ ANDREW HALLMAN
ANDREW HALLMAN
United States Magistrate Judge